AMENDED AND RESTATED BYLAWS

OF

PRORODEO HALL OF CHAMPIONS AND

MUSEUM OF THE AMERICAN COWBOY

(A Colorado Nonprofit Corporation)

Dated:  August  _8_ , 1988

EXHIBIT "B"

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

ARTICLE I.  Offices ................................. 1

  1.  Business Offices ............................. 1
  2.  Registered Office ............................ 1

ARTICLE II.  Members ................................. 1

ARTICLE III.  Board of Trustees ..................... 2

  1.  General Powers ............................... 2
  2.  Membership ................................... 2
  3.  Tenure ....................................... 3
  4.  Resignation and Removal ...................... 4
  5.  Vacancies .................................... 4
  6.  Regular Meetings ............................. 5
  7.  Special Meetings ............................. 5
  8.  Notice ....................................... 5
  9.  Quorum ....................................... 6
  10.  Manner of Acting ............................ 6
  11.  Compensation ................................ 6
  12.  Action by Trustees Without a Meeting ........ 7
  13.  Meetings by Telephone ....................... 7
  14.  Museum Advisory Board ....................... 7

ARTICLE IV.  Officers and Agents .................... 8

  1.  Officers ..................................... 8
  2.  Election and Term of Office .................. 9
  3.  Resignation and Removal ...................... 9
  4.  Vacancies .................................... 10
  5.  President .................................... 10
  6.  Vice President ............................... 10
  7.  Treasurer .................................... 11
  8.  Secretary .................................... 11
  9.  Assistant Treasurers and Assistant
     Secretaries .................................. 12
  10.  Executive Director .......................... 12
  11.  Controller .................................. 14
  12.  Compensation ................................ 15

ARTICLE V.  Executive Committee ..................... 15

  1.  Creation and Authority ....................... 15
  2.  Executive Committee Composition .............. 16
  3.  Appointment of Inside Trustees and
     Independent Trustees to the
     Executive Committee .......................... 16

(i)

4.    Tenure ............................................. 17
5.    Removal of Executive Committee Members ....... 17
6.    Vacancies on Executive Committee ............ 18
7.    Regular Meetings ............................ 18
8.    Special Meetings ............................ 19
9.    Notice ...................................... 19
10.   Quorum ...................................... 19
11.   Manner of Acting ............................ 19
12.   Voting ...................................... 19
13.   Executive Committee Chairman ................ 20

ARTICLE VI.   Other Committees ...................... 20

1.    Creation and Appointment .................... 20
2.    Term of Office .............................. 21
3.    Chairman .................................... 21
4.    Vacancies ................................... 21
5.    Quorum ...................................... 21
6.    Rules ....................................... 22

ARTICLE VII.   Indemnification ...................... 22

1.    Third Party and Derivative Actions .......... 22
2.    Determination ............................... 23
3.    Payment in Advance .......................... 24
4.    Insurance ................................... 24
5.    Other Coverage .............................. 25
6.    Limitations of Indemnification .............. 25

ARTICLE VIII.   Contracts, Checks, Deposits,
                Funds and Proxies .................. 26

1.    Contracts ................................... 26
2.    Checks, Drafts, Etc ......................... 26
3.    Deposits .................................... 26
4.    Gifts ....................................... 26
5.    Proxies ..................................... 27

ARTICLE IX.   Books and Records ..................... 28

ARTICLE X.   Corporate Seal ......................... 28

ARTICLE XI.   Waiver of Notice ...................... 28

ARTICLE XII.   Reports and Budget ................... 29

ARTICLE XIII.   Amendments to Bylaws ............... 30

RGBD:as2

(ii)

AMENDED AND RESTATED BYLAWS
OF
PRORODEO HALL OF CHAMPIONS AND
MUSEUM OF THE AMERICAN COWBOY

(A Colorado Nonprofit Corporation)

## ARTICLE I

### Offices

1. **Business Offices.** The principal office of the corporation in the State of Colorado shall be located in the City of Colorado Springs, County of El Paso, unless otherwise determined by the Board of Trustees from time to time. The corporation may have such other offices, either within or without the State of Colorado, as the Board of Trustees may determine or as the affairs of the corporation may require from time to time.

2. **Registered Office.** The corporation shall have and continuously maintain in the State of Colorado a registered office and a registered agent whose office is identical with such registered office, as required by the Colorado Nonprofit Corporation Act. The registered office shall be identical with the principal office in the State of Colorado and the address of the registered office may be changed from time to time by the Board of Trustees.

## ARTICLE II

### Members

The corporation shall have no members.

## ARTICLE III

## Board of Trustees

1. <u>General Powers</u>.  The affairs of the corporation shall be managed by its Board of Trustees, which shall consist of fifteen (15) Trustees.  Trustees need not be residents of the State of Colorado.

2. <u>Membership</u>.  The President/Commissioner (or the holder of the equivalent position in the event of a change in title) of the Professional Rodeo Cowboys Association, Inc. ("PRCA") and the Secretary/Director of Rodeo Administration (or the holder of the equivalent position in the event of a change in title) of the PRCA, and their respective successors from time to time, shall automatically serve as Trustees by virtue of their offices with the PRCA.  An additional six (6) Trustees shall be appointed by the Board of Directors of the PRCA, which Trustees may be appointed from the membership of the PRCA Board of Directors but need not necessarily themselves be Directors of the PRCA.  In appointing said six Trustees, the PRCA Board of Directors shall attempt, but shall not be required, to elect Trustees that represent a cross section of the PRCA membership contesting in the standard events of the professional rodeo as well as the rodeo committee, stock contractor, and contract personnel membership of the PRCA (the foregoing eight Trustees serving by reason of their offices with or appointment by the PRCA are hereinafter referred to as the "Inside Trustees" solely for convenience of reference).  Seven (7) remaining Trustees

-2-

shall be elected by the eight Inside Trustees (the seven Trustees so elected by the Inside Trustees are hereinafter referred to as the "Independent Trustees" solely for convenience of reference). Nominations for the seven Independent Trustee positions may be made by the Board of Advisers described in paragraph 14 of this Article III to the extent such Advisory Board is formed and requested to make nominations by the Board of Trustees. The eight Inside Trustees may elect the seven Independent Trustees from the Advisory Board's list of nominations, but shall not be required to elect the Independent Trustees from such list. The seven Independent Trustees to be elected by the eight Inside Trustees shall be elected by the vote of a majority of the Inside Trustees present at a regular meeting, or at a special meeting called for that purpose.

3.    <u>Tenure</u>. Each of the two persons who serve as Trustees by virtue of their capacity as President/Commissioner or Secretary/Director of Rodeo Administration with the PRCA shall serve until he ceases to serve in such capacity. Each of the six other Inside Trustees appointed by the Board of Directors of the PRCA shall serve and hold office until the next succeeding March meeting of the PRCA Board of Directors and until his successor shall be elected and shall qualify, or until his earlier death, resignation or removal. Four of the seven Independent Trustees shall be elected by the Inside Trustees to serve until the March meeting of the PRCA Board of Directors in odd-numbered calendar years, shall assume office at the first meeting of the Board of

-3-

Trustees following March 31 of the odd-numbered calendar year in which elected, and shall each hold office until a successor shall be elected and shall qualify, or until his earlier death, resignation or removal. The remaining three Independent Trustees shall be elected to serve until the March meeting of the PRCA Board of Directors in even-numbered calendar years, shall assume office at the first meeting of the Board of Trustees following March 31 of the even-numbered year in which elected, and shall each hold office until a successor shall be elected and shall qualify, or until his earlier death, resignation or removal.

4. <u>Resignation and Removal</u>. Any Trustee may resign by filing a written resignation with the Secretary, such resignation to take effect on the date specified therein. Any Inside Trustee may be removed at any time, with or without cause, by the vote of a majority of the Directors of the PRCA present at a regular meeting of the PRCA Board or at a special meeting of the PRCA Board called for that purpose. Any Independent Trustee may be removed at any time, with or without cause, by a vote of a majority of the Trustees present at a regular meeting or at a special meeting of the Board of Trustees called for that purpose.

5. <u>Vacancies</u>. In the event a vacancy shall occur in the Board of Trustees by reason of death, removal, resignation or other cause, the vacancy shall be filled by the vote of a major-ity of the remaining Trustees present at a regular meeting or at a special meeting called for that purpose; provided, however, that the successors in office from time to time to the

-4-

President/Commissioner of the PRCA and the Secretary/Director of Rodeo Administration of the PRCA shall automatically fill the vacancy of his predecessor, and provided further that any vacancy occurring by reason of death, removal, or resignation of any other Inside Trustee shall be filled by the PRCA Board of Directors.

      6.   **Regular Meetings**.  An annual meeting of the Board of Trustees shall be held at such time and place, either within or without the State of Colorado, as the Board of Trustees shall in each year determine.  The Board of Trustees may provide by resolution the time and place, either within or without the State of Colorado, for the holding of additional regular meetings of the Board without other notice than such resolution.

      7.   **Special Meetings**.  Special meetings of the Board of Trustees may be called by or at the request of the President or any two Trustees.  The person or persons authorized to call special meetings of the Board may fix any place, either within or without the State of Colorado, as the place for holding any special meeting of the Board called by them.

      8.   **Notice**.  Notice of any regular or special meeting of the Board of Trustees shall be given at least two (2) days previously thereto by written notice delivered personally or sent by mail or telegram to each Trustee at his address as shown by the records of the corporation.  If mailed, such notice shall be deemed to be delivered when deposited in the United States Mail in a sealed envelope so addressed, with postage thereon prepaid.

If notice be given by telegram, such notice shall be deemed to be delivered when the telegram is delivered to the telegraph company. Any Trustee may waive written notice of any meeting. The attendance of a Trustee at any meeting shall constitute a waiver of written notice of such meeting, except where a Trustee attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board need be specified in the notice or waiver of notice of such meeting, unless specifically required by law or by these Bylaws.

9. _Quorum_. A quorum for the transaction of business at any meeting of the Board of Trustees shall consist of the greater of five (5) Trustees or a majority of the Board of Trustees then holding office; but if less than a quorum is present at any meeting, the majority of the Trustees present may adjourn the meeting from time to time without further notice.

10. _Manner of Acting_. The act of a majority of the Trustees present at a meeting at which a quorum is present shall be the act of the Board of Trustees, unless the act of a greater number is required by law or by these Bylaws.

11. _Compensation_. Trustees as such shall not receive any stated salaries for their services, but by resolution of the Board of Trustees a fixed sum and expenses of attendance, if any, may be allowed for attendance at each regular or special meeting of the Board; but nothing herein contained shall be construed to

-6-

preclude any Trustee from serving the corporation in some other capacity and receiving compensation therefor.

12. <u>Action by Trustees Without a Meeting</u>. Any action required by law to be taken at a meeting of Trustees, or any action which may be taken at a meeting of Trustees, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the Trustees.

13. <u>Meetings by Telephone</u>. Members of the Board of Trustees or any committee thereof may participate in a meeting of the Board or such committee by means of conference telephone or similar communications equipment by which all persons partici-pating in the meeting can hear each other at the same time. Such participation shall constitute presence in person at the meeting.

14. <u>Museum Advisory Board</u>. There may be formed a Board of Advisers composed of individuals who shall serve to provide recommendations concerning policy, practices, financing, educational activities, and artifacts to be displayed and indi-viduals to be honored in the museum. However, the Advisory Board shall only be authorized to recommend such policy and practices to the Board of Trustees (or its Executive Committee described in Article V of these Bylaws), and shall not be provided any autho-rization to cause any action to be taken or commitment to be made by the corporation without specific written approval of the Board of Trustees or its Executive Committee. The Advisory Board, if formed, shall be comprised of no more than fifteen (15) members appointed by the Board of Trustees or its Executive Committee.

Meetings, their time and place, and the manner of acting of the Advisory Board shall be as prescribed by the Board of Trustees or its Executive Committee from time to time.  The Advisory Board, if formed, may be disbanded or altered at any time by the Board of Trustees or its Executive Committee.

## ARTICLE IV
### Officers and Agents

1.    **Officers**.  The elective and ex officio officers of the corporation shall be a President, one or more Vice Presidents (the number thereof to be determined by the Board of Trustees), a Secretary, a Treasurer, and such other officers as may be elected by the Board of Trustees in accordance with the provisions of this Article.  The Board of Trustees may establish such other offices and positions, including an Executive Director, a Controller, one or more Assistant Secretaries, one or more Assistant Treasurers, and such other officers, assistant officers, or agents as it shall deem desirable, such officers or agents to have the authority and perform the duties prescribed from time to time by the Board of Trustees or its Executive Committee.  Any two (2) or more offices may be held by the same person, except the offices of President and Secretary.  The Board of Trustees may elect or appoint to such other offices or positions the persons to fill the same or may delegate to the Executive Committee or to the President the authority to do so.

-8-

2.   __Election and Term of Office__.  Except as provided in paragraph 5 of this Article IV, the officers of the corporation shall be elected annually by the Board of Trustees at the annual meeting of the Board of Trustees.  If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be.  New offices may be created and filled at any meeting of the Board of Trustees.  Each officer shall hold office until his successor shall have been duly elected and shall have qualified.

3.   __Resignation and Removal__.  Any officer may resign at any time by giving written notice thereof to the Board of Trustees or its Executive Committee.  Such resignation shall take effect on the date specified therein and no acceptance of the same shall be necessary to render the same effective.  Any officer elected or appointed by the Board of Trustees, its Executive Committee or the President may be removed by the Board of Trustees, its Executive Committee, or the President (as the case may be) whenever in its judgment the best interests of the corporation would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the officer so removed; provided, however, the person who automatically serves as President of the corporation by virtue of being the Commissioner/President of the PRCA as provided in paragraph 5 of this Article IV shall be removable from the office of President of the corporation only by action of the Board of Directors of the PRCA.

-9-

4.    <u>Vacancies</u>.  A vacancy in any elective office because of death, resignation, removal, disqualification or otherwise, may be filled by the Board of Trustees or its Executive Committee for the unexpired portion of the term.

5.    <u>President</u>.  The Trustee who serves by virtue of being the Commissioner/President of the PRCA shall also automatically serve as the President of the corporation.  As President, he shall be the chief executive officer of the corporation and shall in general supervise and control all of the business and affairs of the corporation and its staff (except that the President shall have no authority to hire or discharge the Executive Director).  The President shall serve as the Chairman of the Board of Trustees of the corporation and shall preside at all regular or special meetings of the Board of Trustees.  The President may sign, with the Secretary or any other proper officer of the corporation, contracts or other instruments which the Board of Trustees has authorized to be executed, except in the cases where the signing and execution thereof shall be expressly delegated by the Board of Trustees or by these Bylaws or by statute to some other officer or agent of the corporation, and, in general, he shall perform all duties incident to the office of President and such other duties as may be prescribed by the Board of Trustees or its Executive Committee from time to time.

6.    <u>Vice President</u>.  In the absence of the President or in the event of his inability or refusal to act, the Vice

-10-

President (or in the event there be more than one Vice President, the Vice Presidents in the order of their election) shall perform the duties of the President, and when so acting, shall have all the powers of and be subject to all the restrictions upon the President. Any Vice President shall perform such other duties as from time to time may be assigned to him by the President or by the Board of Trustees or its Executive Committee.

7. **Treasurer**. If required by the Board of Trustees, the Treasurer shall give a bond for the faithful discharge of his duties in such sum and with such surety or sureties as the Board of Trustees or its Executive Committee shall determine. The Treasurer shall have charge and custody of and be responsible for all funds and securities of the corporation; receive and give receipts for monies due and payable to the corporation from any source whatsoever, and deposit all such monies in the name of the corporation in such banks, trust companies or other depositories as shall be selected in accordance with the provisions of Article VIII of these Bylaws; and, in general, perform all the duties incident to the office of Treasurer and such other duties as from time to time may be assigned to him by the President or by the Board of Trustees or its Executive Committee.

8. **Secretary**. The Secretary shall keep the minutes of the meetings of the Board of Trustees in one or more books provided for that purpose; see that all notices are duly given in accordance with the provisions of these Bylaws or as required by law; be custodian of the corporate records and of the seal of the

-11-

corporation and see that the seal of the corporation is affixed to all documents, the execution of which, on behalf of the corporation under its seal, is duly authorized in accordance with the provisions of these Bylaws; keep a register of the post office address of each Trustee which shall be furnished to the Secretary by such Trustee; and, in general, perform all duties incident to the office of Secretary and such other duties as from time to time may be assigned to him by the President or by the Board of Trustees or its Executive Committee.

9.    <u>Assistant Treasurers and Assistant Secretaries</u>.  If required by the Board of Trustees, the Assistant Treasurers, if any, shall give bonds for the faithful discharge of their duties in such sums and with such sureties as the Board of Trustees or its Executive Committee shall determine.  The Assistant Treasurers and Assistant Secretaries, if any, in general shall perform such duties as shall be assigned to them by the Treasurer or the Secretary or by the President or the Board of Trustees or its Executive Committee.

10.    <u>Executive Director</u>.  The Executive Director shall, subject to the direction and supervision of the Board of Trustees, its Executive Committee, and the President, be the principal operating official of the corporation responsible for the day-to-day operations and management of its regular affairs, including, without limitation, (i) carrying out all resolutions, policies, rules, regulations, and directives of the Board of Trustees and

-12-

its Executive Committee; (ii) formulating and recommending policies and programs to further the objectives of the museum; (iii) hiring, discharging, and supervising (with the advice and consent of the President) the staff of the museum and developing and implementing personnel policies; (iv) developing and implementing a plan for the administrative organization of the museum; (v) preparing and presenting to the Board of Trustees and its Executive Committee periodic budgets and other reports as the Board or its Executive Committee may request; (vi) directing the fundraising activities of the corporation, developing long-range fundraising strategies and goals, and coordinating the efforts of volunteers and supervising volunteer programs of the corporation; (vii) engaging and supervising (with the advice and consent of the President) independent contractors providing goods and services to the corporation; (viii) performing public relations functions, representing the museum to the public, furthering the reputation of the museum as an institution of the highest quality in matters of collection and display of works of art and materials and items relating to the history of the American cowboy and sport of rodeo; (ix) generally overseeing and directing the museum's activities in acquiring, accessioning, displaying, preserving, and de-accessioning its collection of art works and historical materials and items; and (x) performing all other duties as from time to time may be assigned to him by the President, the Board of Trustees, or its Executive Committee. The Executive Director shall attend all meetings of the Board of

-13-

Trustees and shall be an ex officio, nonvoting member of the Executive Committee. The Executive Director shall be hired and retained by the Board of Trustees with the input of the Executive Committee. The President shall have supervisory authority over the Executive Director but shall have no authority to hire or discharge the Executive Director.

11.   <u>Controller</u>. The Controller, if such position is deemed necessary by the Board of Trustees, shall be the principal financial and accounting official of the corporation and (i) shall, subject to the direction and supervision of the President, the Executive Director, and the Treasurer, be responsible for the day-to-day management of the payroll, financial, and bookkeeping functions of the corporation and museum; (ii) shall work with the corporation's outside accountants to prescribe and maintain methods and systems of accounting and auditing, keep complete book and records of account, and prepare and file all local, state, and federal tax returns and related documents; (iii) shall prepare and furnish (with any necessary assistance of the corporation's outside accountants) to the President, the Executive Director, and the Board of Trustees and its Executive Committee statements of account showing the financial position of the corporation and the results of its operations and make such other reports as may be required or requested by the President, the Executive Director, the Treasurer, or the Board of Trustees or its Executive Committee from time to time; (iv) shall assist the President and the Executive Director in the

-14-

preparation and presentation of budgets and shall generally assist the Treasurer in the performance of his duties; and (v) shall perform all other duties as from time to time may be assigned to him by the President, the Executive Director, the Treasurer, or the Board of Trustees and its Executive Committee. The Controller, if any, shall be employed by the Board of Trustees with the input of the Executive Committee and shall be an ex officio nonvoting member of all Board finance committees.

12.    <u>Compensation</u>.  The compensation of the Executive Director and the Controller, if any, shall be as fixed from time to time by the Board of Trustees with the input of the Executive Committee.

ARTICLE V

<u>Executive Committee</u>

1.    <u>Creation and Authority</u>.  There shall be an Executive Committee of the Board of Trustees appointed from among the members of the Board of Trustees which shall have and exercise the authority of the Board of Trustees in the management of the corporation in between the meetings of the Board of Trustees, except that the Executive Committee shall not have the authority of the Board of Trustees to amend, alter or repeal the Bylaws; to elect, appoint or remove any member of the Executive Committee or any Trustee or the President or Executive Director of the corporation; to amend the corporation's articles of incorporation; to adopt a plan of merger or to adopt a plan of

-15-

consolidation with another corporation; to authorize the sale, lease, exchange or mortgage of all or substantially all of the property and assets of the corporation; to authorize the voluntary dissolution of the corporation or to revoke proceedings therefor; to adopt a plan for the distribution of the assets of the corporation; or to amend, alter or repeal any resolution of the Board of Trustees which by its terms provides that it shall not be amended, altered or repealed by the Executive Committee. The designation and appointment of the Executive Committee and the delegation thereto of authority shall not operate to relieve the Board of Trustees, or any individual Trustee, of any responsibility imposed upon it or him by law.

2.    <u>Executive Committee Composition</u>.  The Executive Committee shall consist of five (5) voting Trustee members.  The President of the corporation shall automatically serve as a member of the Executive Committee by virtue of his office with the corporation.  The four other voting members of the Executive committee shall consist of two Trustees each from among the Inside Trustees and the Independent Trustees of the Board of Trustees.  The Executive Director shall be an ex-officio, nonvoting member of the Executive Committee.

3.    <u>Appointment of Inside Trustees and Independent Trustees to the Executive Committee</u>.  The two Inside Trustees on the Executive Committee shall be appointed annually from among the Inside Trustees by the Board of Directors of the PRCA.  The two Independent Trustees on the Executive Committee shall be

-16-

elected from among the Independent Trustees by action of a majority of the full Board of Trustees of the corporation present at a meeting of the Board at which a quorum is present.

4.    <u>Tenure</u>.  Each of the two Inside Trustee Executive Committee members appointed by the Board of Directors of the PRCA shall serve on the Executive Committee until the next succeeding March meeting of the PRCA Board of Directors following his appointment to the Executive Committee and until his successor as Inside Trustee member of the Executive committee shall be appointed and shall qualify, or until his earlier death, resignation, or removal as Inside Trustee or member of the Executive Committee.  Each of the two Independent Trustee Executive Committee members elected by the full Board of Trustees of the corporation shall serve on the Executive Committee until the first meeting of the Board of Trustees following March 31 of each year and until his successor as Independent Trustee member of the Executive committee shall be elected and shall qualify, or until his earlier death, resignation, or removal as Independent Trustee or member of the Executive Committee.

5.    <u>Removal of Executive Committee Members</u>.  Any Inside Trustee Executive Committee member may be removed from the Executive Committee at any time, with or without cause, by the vote of a majority of the Directors of the PRCA present at a regular meeting of the PRCA Board or at a special meeting of the PRCA Board called for that purpose.  Any Independent Trustee Executive Committee member may be removed from the Executive

-17-

Committee at any time, with or without cause, by the vote of a majority of the full Board of Trustees of the corporation present at a regular meeting or at a special meeting of the Board of Trustees called for that purpose.

6.    <u>Vacancies on Executive Committee</u>.  In the event a vacancy shall occur in the Executive Committee by reason of death, removal, resignation, or other cause, the vacancy shall be filled by the vote of a majority of the Board of Trustees present at a regular meeting or at a special meeting called for that purpose; provided, however, that the successor in office from time to time to the President of the corporation shall automatically fill the vacancy of his predecessor in office as a member of the Executive Committee; and provided further that any vacancy occurring on the Executive Committee by reason of the death of an Independent Trustee member of the Executive Committee or the resignation or removal of an Independent Trustee member from the Executive committee shall be filled by an Independent Trustee; and provided further that any vacancy occurring on the Executive Committee by reason of the death of an Inside Trustee member of the Executive Committee or the resignation or removal of an Inside Trustee member from the Executive Committee shall be filled by an Inside Trustee by appointment of the PRCA Board of Directors.

7.    <u>Regular Meetings</u>.  Regular meetings of the Executive Committee shall be held on such schedule as shall be established by the Executive Committee from time to time.

-18-

8. __Special Meetings__. Special meetings of the Executive Committee may be convened at the request of the President of the corporation, the Chairman of the Executive Committee, or any two members of the Executive Committee. The person or persons convening such special meetings of the Executive Committee shall fix the place and time for the holding of the special meeting called by him or them.

9. __Notice__. Notice of any regular or special meeting of the Executive Committee shall be given at least two (2) days previous thereto by written notice delivered personally or sent by mail or telegram to each member of the Executive Committee at his address as shown by the records of the corporation or by telephonic notice actually given to each member of the Executive Committee. Any member of the Executive Committee may waive notice of any meeting. The attendance of a member of the Executive Committee at any meeting thereof shall constitute waiver of notice of such meeting.

10. __Quorum__. A quorum for the transaction of business at any meeting of the Executive Committee shall consist of three (3) voting members of the Executive Committee.

11. __Manner of Acting__. The act of a majority of the members of the Executive Committee present at a meeting at which a quorum is present shall be the act of the Executive Committee.

12. __Voting__. The two Inside Trustee Executive Committee members and the two Independent Trustee Executive Committee members shall each be entitled to one vote on all matters acted

-19-

upon by the Executive Committee. The President of the corpora-tion shall be entitled to one vote on matters acted upon by the Executive Committee only in the event of a tie vote among the other voting members of the Executive Committee.

13.    <u>Executive Committee Chairman</u>. One member of the Executive Committee shall be elected by the Executive Committee to serve as chairman of the meetings of the Executive Committee. In the absence of such election, or in the absence of the chairman so elected, the President of the corporation shall act as chairman of the meetings of the Executive Committee.

ARTICLE VI

<u>Other Committees</u>

1.    <u>Creation and Appointment</u>. Other committees not having and exercising the authority of the Board of Trustees in the management of the corporation may be created by resolutions adopted by a majority of the Trustees present at a meeting at which a quorum is present. The members of such committees may, but need not necessarily, themselves be Trustees. The President of the corporation shall appoint the members of the committees created by resolutions of the Board of Trustees unless the mem-bers thereof are designated by the Board of Trustees or unless the appointment of the members thereof is delegated by the Board of Trustees to the Executive Committee or the manner of their appointment is otherwise designated in the resolution of the

-20-

Board of Trustees creating such committee. Any member of a committee created and appointed under this Article VI may be removed by the person or persons authorized to appoint such members whenever in their judgment the best interests of the corporation shall be served by such removal.

2. <u>Term of Office</u>. Each member of a committee created and appointed under this Article VI shall continue as such until the next annual meeting of the Board of Trustees of the corporation and until his successor is appointed, unless the committee shall be sooner terminated, or unless such member be removed from such committee, or unless such member shall cease to qualify as a member thereof.

3. <u>Chairman</u>. One member of each committee created and appointed under this Article VI shall be appointed chairman by the person or persons authorized to appoint the members thereof.

4. <u>Vacancies</u>. Vacancies in the membership of any committee created and appointed under this Article VI may be filled by appointments made in the same manner as provided in the case of the original appointments.

5. <u>Quorum</u>. Unless otherwise provided in the resolution of the Board of Trustees creating a committee under this Article VI, a majority of the whole committee shall constitute a quorum and the act of a majority of the members present at a meeting at which a quorum is present shall be the act of the committee.

6. <u>Rules</u>. Each committee created and appointed under this Article VI may adopt rules for its own government not inconsistent with these Bylaws or with rules adopted by the Board of Trustees.

## ARTICLE VII

### Indemnification

1. <u>Third Party and Derivative Actions</u>. The corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (including an action by or in the right of the corporation), by reason of the fact that he is or was a trustee, officer, fiduciary, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, fiduciary, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorney's fees), judgments, fines and amounts paid or necessarily incurred, in settlement or otherwise, by him in connection with such action, suit or proceeding, except in relation to matters as to which and to the extent any such trustee, director, officer, agent, fiduciary, employee, person serving at the corporation's request, or former trustee, director, officer, agent, fiduciary, employee or person serving at the corporation's request, shall be adjudged in such action, suit or proceeding to be liable for wanton and willful

-22-

acts or omissions in the performance of duty and to such matters as shall be settled by agreement to the extent such settlement is predicated on the existence of such liability, unless, and only to the extent that the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability and in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses as such court shall deem proper. Such indemnification shall not be deemed exclusive of any other rights to which the trustee, director, officer, agent, fiduciary, employee or other person serving at the corporation's request is entitled to under any agreement or otherwise.

2. <u>Determination</u>. Any indemnification under paragraph 1 of this Article VII (unless otherwise provided herein or ordered by a court) shall be made by the corporation only as authorized in the specific case upon a determination that indemnification of the trustee, director, officer, employee, fiduciary, agent or person serving at the corporation's request is proper in the circumstances because he has met the applicable standard of conduct set forth in paragraph 1 of this Article VII. Such determination shall be made (a) by the Board of Trustees by a majority vote of a quorum consisting of Trustees who were not parties to such action, suit or proceeding; or (b) if such a quorum is not obtainable, or even if obtainable, if a quorum of the disinterested Trustees so directs, by independent legal counsel in a written opinion. However, if and to the extent that a

trustee, director, officer, employee, fiduciary or agent of the corporation, or person serving at the corporation's request has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in paragraph 1 of this Article VII, or in defense of any claim, issue or matter therein, he shall automatically be indemnified against expenses (including attorney's fees) actually and necessarily incurred by him in connection therewith without the necessity of any such determination that he has met the applicable standard of conduct set forth in paragraph 1 of this Article VII.

3. **Payment in Advance.** Expenses incurred in defending any such action, suit or proceeding may be paid by the corporation in advance of the final disposition of such action, suit or proceeding as authorized by the Board of Trustees in the manner provided in paragraph 2 of this Article VII, upon receipt of a written affirmation or undertaking by or on behalf of the trustee, director, officer, employee, fiduciary, agent or person serving at the corporation's request that such person has met the standard of conduct outlined in this Article and that such person will repay such amount if and when it should ultimately be determined that he is not entitled to be indemnified by the corporation as authorized in this Article VII.

4. **Insurance.** The Board of Trustees may exercise the corporation's power to purchase and maintain insurance on behalf of any person who is or was a trustee, officer, employee, fiduciary or agent of the corporation, or is or was serving at the

-24-

request of the corporation as a director, officer, employee, fiduciary or agent, against any liability asserted against him and incurred by him in any such capacity, or arising out of his status as such, whether or not the corporation would have the power to indemnify him against such liability hereunder or otherwise.

5.  **Other Coverage.**  The indemnification provided by this Article VII shall not be deemed exclusive of any other rights to which persons seeking indemnification may be entitled under the corporation's Articles of Incorporation, these Bylaws, agreement, vote of disinterested Trustees, the Colorado Nonprofit Corporation Act, or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be trustee, director, officer, employee, fiduciary, agent or person serving at the corporation's request and shall inure to the benefit of the respective heirs and personal representatives of such persons.

6.  **Limitations of Indemnification.**  No indemnified person of the corporation shall have any right to reimbursement in relation to matters as to which such indemnified person shall be adjudged in such action, suit or proceeding to be liable for wanton and willful acts or omissions in the performance of duty to the corporation or on the basis that personal benefit was improperly received by such person.

## ARTICLE VIII

### Contracts, Checks, Deposits, Funds and Proxies

1.   **Contracts.**  The Board of Trustees may authorize any officer or officers, agent or agents of the corporation, in addition to the officers so authorized by these Bylaws, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances.

2.   **Checks, Drafts, Etc.**  All checks, drafts or orders for the payment of money, notes or other evidences of indebtedness issued in the name of the corporation shall be signed by such officer or officers, agent or agents of the corporation and in such manner as shall from time to time be determined by resolution of the Board of Trustees.  In the absence of such determination by the Board of Trustees, such instruments shall be signed by the Treasurer or an Assistant Treasurer or the Controller, if any, and countersigned by the President or a Vice President of the corporation.

3.   **Deposits.**  All funds of the corporation shall be deposited from time to time to the credit of the corporation in such banks, trust companies or other depositories as the Board of Trustees may select.

4.   **Gifts.**  The corporation may accept for accession to the museum collection or for the financial support of the museum's programs, activities, and operations any contribution, gift, bequest or devise for the general purposes or for any

-26-

special purpose of the corporation.  In order to be accepted, all artifacts to be donated to the museum shall conform to the collection management policies of the museum as from time to time established by the Board of Trustees.  All such museum artifacts shall be accepted only by formal action of the Board of Trustees (or, alternatively, by formal action of a committee specially designated and appointed by the Board of Trustees to act in such matters in accordance with the Board's collection management policies) with the input of the Executive Director.

5.    **Proxies**.  Unless otherwise provided by resolution adopted by the Board of Trustees, the President or any Vice President may from time to time appoint one or more agents or attorneys in fact of the corporation, in the name and on behalf of the corporation, to cast the votes which the corporation may be entitled to cast as the holder of stock or other securities in any other corporation, association or other entity any of whose stock or other securities may be held by the corporation, at meetings of the holders of the stock or other securities of such other corporation, association or other entity, or to consent in writing, in the name of the corporation as such holder, to any action by such other corporation, association or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consent, and may execute or cause to be executed in the name and on behalf of the corporation and under its corporate seal, or otherwise, all such

written proxies or other instruments as he may deem necessary or proper in the premises.

## ARTICLE IX

### Books and Records

The corporation shall keep correct and complete books and records of account and shall also keep minutes of the proceedings of its Board of Trustees and committees having any of the authority of the Board of Trustees, and shall keep at its registered or principal office a record giving the names and addresses of the Board of Trustees. All books and records of the corporation may be inspected by any Trustee or his agent or attorney for any proper purpose at any reasonable time.

## ARTICLE X

### Corporate Seal

The corporate seal shall be in such form as shall be approved by resolution of the Board of Trustees. Said seal may be used by causing it or a facsimile thereof to be impressed or affixed or reproduced or otherwise. The impression of the seal may be made and attested by either the Secretary or an Assistant Secretary for the authentication of contracts or other papers requiring the seal.

## ARTICLE XI

### Waiver of Notice

Whenever any notice is required to be given under the provisions of the Colorado Nonprofit Corporation Act or under the

-28-

provisions of the Articles of Incorporation or the Bylaws of the corporation, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

ARTICLE XII

**Reports and Budget**

Within sixty (60) days prior to the close of the corporation's fiscal year, the Board of Trustees shall cause to be prepared and submitted to the Board of Directors of the PRCA a report describing in reasonable detail the activities of the corporation for the current fiscal year and a plan, including a budget, of activities for the forthcoming fiscal year. The PRCA Board of Directors shall have the power to veto the budget of the corporation so submitted. If so vetoed by the PRCA Board, the Board of Trustees shall cause a new budget to be promptly prepared and submitted to the PRCA Board which shall likewise be subject to veto. No budget of the corporation shall be effective until it avoids the veto of the PRCA Board of Directors.

Within ninety (90) days after the close of the corporation's fiscal year, the Board of Directors shall cause to be prepared and submitted to the Board of Directors of the PRCA a financial statement for the corporation's prior fiscal year.

-29-

## ARTICLE XIII

### Amendments to Bylaws

These Bylaws may be altered, amended or repealed and new Bylaws may be adopted by a majority of the Trustees present at any regular meeting or at any special meeting, if at least two (2) days' written notice is given of intention to alter, amend or repeal or to adopt new Bylaws at such meeting; provided, however, that paragraphs 1 and 2 of Article III and this Article XIII can be altered, amended or repealed only upon the vote of a majority of the Board of Trustees and the vote of a majority of the Board of Directors of the PRCA.

RGBD:ax3
08/03/88

-30-