IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

```
FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2007 OCT 10  AM 9:39

GREGORY C. LANGHAM
         CLERK

BY_____DEP. CLK
```

Civil Action No. 07-CV-01228-LTB-KLM

LARRY W. McCORMACK

Plaintiff(s)

v.

PRORODEO HALL OF FAME AND MUSEUM OF THE AMERICAN COWBOY, INC.;
PROFESSIONAL RODEO COWBOYS ASSOCIATION, INC.;
TROY L. ELLERMAN;
TANNA KIMBLE;
CARA TURNER;
RYER HITCHCOCK;
PROFILE EMPLOYEE ASSISTANT PROGRAM;
STEVE TUCKER, PhD;
DOES I THROUGH V, INCLUSIVELY;

Defendants(s)

---

**UNOPPOSED MOTION FOR EXTENSION OF TIME FOR SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT TROY L. ELLERMAN PURSUANT TO F.R.C.P. 4(M)**

---

Plaintiff respectfully moves (1) for extension of time beyond the required 120 days for service of Summons and Complaint, as prescribed by Federal Rules of Civil Procedure § 4(m), on defendant Troy L. Ellerman.

The undersigned has conferred by e-mail with counsel for the above named defendant and they are authorized to state that defendant does not oppose this motion.

### I. INTRODUCTION

1

1.  Plaintiff filed the Complaint in the above captioned matter on June 12, 2007. A Summons was issued on the same date.

2.  Defendants Troy L. Ellerman has *not* been served with the Summons and Complaint in this matter as of the date of this Motion for Extension of Time.

3.  Defendant Cara Turner was served at her place of employment on October 9, 2007.

4.  The remaining four "ProRodeo Defendants," ProRodeo Hall of Fame and Museum of the American Cowboy, Inc.; Professional Rodeo Cowboys Association, Inc.; Tanna Kimble; and, Ryer Hitchcock have been served with the Summons and Complaint. Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure § 12(b)(6) on September 24, 2007.

5.  Defendants Profile Employee Assistant Program and Steve Tucker, PhD have both been served with the Summons and Complaint and have filed an Answer on August 13, 2007.

6.  The required 120 day time to complete service of the Summons and Complaint on Defendant Ellerman as prescribed by Federal Rule of Civil Procedure § 4(m) will expire on October 10, 2007.

7.  On August 20, 2007, Plaintiff sent an email, and had telephone conversations with counsel for the "PRCA Defendants," in which he requested that they accept service on behalf of their clients, Ellerman and Turner. Counsel informed Plaintiff that "their clients" had instructed them *not* to accept service on their behalf.

**PLAINTIFF'S REASONS FOR NON-SERVICE OF SUMMONS AND COMPLAINT ON TROY L. ELLERMAN WITHIN PRESCRIBED TIME**

8. Troy L. Ellerman was scheduled to be sentenced to federal prison on June 14, 2007 for crimes involving the leaking of grand jury transcripts, perjury, and obstruction of justice in the Balco Labs Matter (USA v. Victor Conte, et al. 04-CR-00044, United States District Court, Northern District of California; and, USA v. Ellerman, 2007-CR-00080, United States District Court, Northern District of California).

9. Plaintiff was a witness in the latter case and had assisted federal law enforcement officers in the investigation leading to the eventual conviction and incarceration of Defendant Ellerman.

10. In December, 2007, prior to contacting Defendant Ellerman in order to confront him with the charges in the criminal case, Federal Bureau of Investigations (FBI) agents attempted to coerce Plaintiff to entice Defendant Ellerman into committing additional crimes, namely dissuading or intimidating a witness. FBI agents instructed Plaintff to telephone Defendant Ellerman and tell him that Plaintiff had been contacted by the FBI and to ask Defendant Ellerman what he (Plaintiff) should do.

11. In order to keep Defendant Ellerman from committing potential additional crimes, Plaintiff refused to cooperate with FBI agents in making additional recorded calls to Defendant Ellerman. Furthermore, Plaintiff instructed FBI agents to tell Defendant Ellerman not to make additional contact with Plaintiff. FBI Agents subsequently informed Plaintiff they told Defendant Ellerman not to contact Plaintiff, and that Defendant Ellerman told them to tell Plaintiff to not contact him.

12. Based upon the situation described above, Plaintiff believed it best for all concerned to postpone service of the Summon and Complaint in this case until after

Defendant Ellerman's pending criminal case was completely adjudicated. That was supposed to have occurred on June 14, 2007 at Defendant Ellerman's sentencing hearing.

13. At the proposed June 14, 2007 sentencing hearing, Judge Jeffrey S. White refused to accept Defendant Ellerman's plea agreement stating it was "too lenient" for the alleged offenses. He ordered all parties to confer and return to the court on July 12, 2007 with a more "realistic proposal."

14. Plaintiff decided to withhold attempting service until after the July 12, 2007 hearing for the same reasons as stated above.

15. On July 12, 2007, Defendant Ellerman was sentenced to thirty months in Federal Prison at the Penitentiary at Lompoc, CA. His sentence was to commence on September 13, 2007. Defendant Ellerman remained at large from the time of the sentencing hearing until he surrendered himself at the Lompoc Penitentiary on September 13, 2007.

16. Plaintiff had no knowledge of Defendant Ellerman's whereabouts during the time between his sentencing and his eventual incarceration.

17. On August 24, 2007, Plaintiff sent, via first-class mail, a Notice of Lawsuit and Request for Waiver of Service of Summons along with copies of the Summons and Complaint to the last know address Plaintiff had for Defendant Ellerman. That address is 350 Black Bear Trail, Woodland Park, CO 80863.

18. Defendant Ellerman did not reply to the Notice of Lawsuit and Request for Waiver of Service of Summons within the required thirty days which ended on September 24, 2007. Furthermore, the Notice of Lawsuit and Request for Waiver of Service of Summons was *not* returned to Plaintiff as undeliverable by the U.S. Postal

4

Service, which leads Plaintiff to believe Defendant Ellerman was still receiving mail at the Woodland Park address.

19.     On September 25, 2007, Plaintiff telephoned a process server in Lompoc, California in order to have Defendant Ellerman served at the federal penitentiary. Plaintiff was informed by the process server that the only entity that could serve process at the penitentiary was the Santa Barbara County Sheriff's Department Civil Division.

20.     On September 27, 2007, Plaintiff telephoned the Santa Barbara County Sheriff's Department Civil Division. Plaintiff was informed that the Sheriff's Department would serve the Summons and Complaint on Defendant Ellerman at the Lompoc Penitentiary for $30.00.

21.     On September 28, 2007, Plaintiff forwarded a copy of the Summons and Complaint along with a check for $30.00 and instructions for service to the Santa Barbara County Sheriff's Department.

22.     On October 4, 2007, Plaintiff contacted Deputy Tina Diaz at the Santa Barbara County Sheriff's Department in order to check the status of the service on Defendant Ellerman. Deputy Diaz informed Plaintiff that they had the Summons and Complaint in their possession, but were unable to serve it because it was a "federal document." Plaintiff pointed out that he informed the person he spoke to on the phone prior to sending the Summons and Complaint that the document to be served was a *Federal* Summons and Complaint. Deputy Diaz apologized and said she would return the documents un-served with an explanation.

23. On October 9, 2007, Plaintiff received the documents from the Santa Barbara County Sheriff's Department along with the letter of explanation for non-service (see attachment "A").

24. On October 9, 2007, Plaintiff spoke to "Darlene" in the legal office of the United States Penitentiary at Lompoc, California. Plaintiff explained the situation regarding problems encountered while attempting to effect service of the Summons and Complaint on Defendant Ellerman. She requested that Plaintiff send, by facsimile, a copy of the Summons so she could forward it to the proper channels to see if their office could complete service of the documents.

### III. CONCLUSION.

26. Plaintiff cites the following cases in support of this Motion for Extension of Time: "A district court has the power to dismiss a case for failure to comply with its rules." Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998) (citing Moore v. St. Louis Music Supply Co., 539 F.2d 1191, 1193 (8th Cir. 1976) (dismissal for failure to prosecute)). Moreover, a court's decision whether or not to dismiss is discretionary, rather than mandatory. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996). The Rule, furthermore, gives the district court discretion to grant an extension, even in the absence of good cause. Panaras v. Liquid Carbonic Ind. Corp., 94 F.3d 338, 340 (7th Cir. 1996); AlliedSignal, 74 F.3d at 886; Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995); Petrucelli v. Bohringer & Ratzinger GMBH, 46 F.3d 1298, 1306 (3d Cir. 1995); Henderson v. United States, 517 U.S. 654, 662-63 (1996) (stating in dicta, "Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period even if there is no good cause

shown."). Rule 4(m) specifically provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service within the prescribed time period. More specifically, Federal Rule of Civil Procedure 4(m) provides that if the summons and complaint are not served upon a defendant within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m) (emphasis added).

25.    Plaintiff respectfully request a SIXTY DAY extension of time as needed to serve the Summons and Complaint on the only remaining defendant Troy L. Ellerman.

Pursuant to D.C. COLO. L. CIV. R. L.1 (C) and (D), the undersigned confirms that no prior extensions have been requested or received concerning the subject matter of this motion, and that a copy of this motion has been served upon the defendants.

Dated: October 9, 2007

                              Respectfully submitted,

                              Larry W. McCormack
                              6387 Mesedge Drive
                              Colorado Springs, CO 80919
                              Phone: (719) 302-6200
                              Fax: (719) 302-2502
                              P_eye57@yahoo.com

                              **PLAINTIFF, In pro per**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 9, 2007, I served the foregoing documents by placing true and correct copies in the U.S. Mail, first-class, postage prepaid, addressed as follows:

Melvin B. Sabey, Esq.
KUTAK ROCK, LLP
1801 California Street, Suite 3100
Denver, CO 80202

Jenny Brook, Esq.
GREENBERG TRAUREG, LLP
The Tabor Center
1200 Seventeenth Street, Suite 2400
Denver, CO 80202

Larry W. McCormack

# Office of the Sheriff

**SANTA BARBARA COUNTY**

**Civil Bureau Offices**

**Lompoc Office**
401 E. Cypress, Ste 105
Lompoc, Ca 93436
**(805) 737-7710**
Fax (805) 737-7711

**Santa Barbara Office**
P.O. Box 690
1105 Santa Barbara St.
Santa Barbara, Ca 93102
**(805) 568-2900**
Fax (805) 568-2909

**Santa Maria Office**
312 E. Cook St #O
Santa Maria, Ca 93454
**(805) 346-7430**
Fax (805) 346-7437

**BILL BROWN**
Sheriff-Coroner

**KENNETH R. SHEMWELL**
Undersheriff

TO: Larry W. McCormack
6387 Mesedge Drive
Colorado Springs, CO 80919

Date: 10/04/07

Pltf: Larry W. McCormack

Deft: Troy L. Ellerman

Case No.: 07-CV-01228-LTB-MEH

For the reason(s) checked below your process is:

☒ Returned without action.

☐ Being held without action.

☐ Instructions to the Sheriff are incomplete or inadequate.
☐ Deposit of Fees are required in advance (Govt. Code Sec. 24350.5, 26720 et seq.)
    AMOUNT OF FEES OR DEPOSIT REQUIRED $_____ .
☐ Insufficient Fees or Deposit-AMOUNT REQUIRED $_____ .
☐ Document or additional copies of document indicated are required.
☐ Writ (or Document) is incomplete, irregular on its face, or directed to wrong officer and/or county.
☐ Copy of complaint is needed.
☒ Per our telephone conversation.
☐ Other.

Explanation of above:

Federal Court Documents require a special Proof of Service issued by the Federal Court and the Federal Marshals are the only ones authorized for processing this service.

If you have any questions please contact the Santa Maria Office listed above and ask to speek to Lt. Maroney.

BILL BROWN, SHERIFF

ATTACHMENT "A"   By _____
Tina Diaz   Deputy
JA1

SH-879 (Rev. 01/2007)